

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 2839 | DATE | SEPTEMBER 23, 2004 |
| CASE TITLE | Jonathan Penny vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The petitioner's motion for a writ of habeas corpus [3-1] is dismissed and the motion for judgment on the pleadings [9-1] is denied.

(11) [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 23 2004 | |
| ✓ | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN PENNY, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 99 C 2839 |
| v. | ) |
| | ) Wayne R. Andersen |
| UNITED STATES OF AMERICA, | ) District Judge |
| | ) |
| Respondent. | ) |

DOCKETED SEP 23 2004

## MEMORANDUM, OPINION AND ORDER

The case is before the Court on the petition for writ of habeas corpus filed by Jonathan Penny pursuant to 28 U.S.C. § 2255, challenging his conviction based on ineffective assistance of counsel. Penny also has filed a motion for judgment on the pleadings. The government objects to Penny's petition as untimely and asserts that the motion for judgment on the pleadings is improper. For the reasons set forth below, Jonathan Penny's petition for writ of habeas corpus is dismissed, and the motion for judgment on the pleadings is denied.

## BACKGROUND

On September 10, 1993, Jonathan Penny was convicted of conspiracy to distribute narcotics and distribution of narcotics. Thereafter, on August 2, 1994, Penny was sentenced to a term of imprisonment for 25 years to be followed by supervised release for the remainder of his life. Penny filed an appeal and the Seventh Circuit affirmed his conviction on July 26, 1995. *See United States v. Penny*, 60 F.3d 1257 (7th Cir. 1995). On March 22, 1999, Penny filed a Section 2255 petition, in addition to supplemental amendments to the petition, captioned Motion to Vacate, Set Aside or Correct a Sentence and Supporting Memorandum.

## DISCUSSION

### I. Section 2255 Petition

In his petition, Penny claims that his attorney, Freddrenna Lyle, provided ineffective assistance of counsel because her primary loyalties were to Chester Slaughter, Penny's original lawyer, rather than to Penny himself. Slaughter, Penny's long-time lawyer, represented Penny and his wife in a civil forfeiture proceeding related to the underlying criminal case. Slaughter was disqualified in the forfeiture case because Andre Jackson, a key government witness against Penny, had accused Slaughter of offering to broker a drug deal between him and Penny. After his disqualification, Slaughter suggested that Penny retain Lyle, his office mate. Penny took the advice and hired Lyle as his attorney.

Penny claims that he was unaware of the real reason for Slaughter's disqualification from the civil forfeiture case. According to Penny, if he had known that Slaughter was a target in the investigation, he would not have hired Lyle. Penny claims that Lyle, as Slaughter's office mate and law partner, allegedly failed to present defenses and evidence at trial that would have aided Penny's defense, because they would have implicated and led to further investigation of Slaughter. Penny also claims that he was unaware that the identity of "Attorney X," who was referenced at Penny's trial by the Court, defense counsel and the government, was in fact Slaughter. In his petition, Penny asks the Court to find that he received ineffective assistance of counsel because of Lyle's alleged conflict of interest.

However, the Court need not — indeed it may not – address the merits of these arguments if Penny could have discovered the underlying facts now alleged by him to support his claim for

ineffective assistance of counsel by the exercise of due diligence prior to March 22, 1998, which is one year before the date on which Penny filed this petition.

The 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a one-year statute of limitations for the filing of federal habeas petitions. *See* 28 U.S.C. § 2255 (1996). The statute states, in pertinent part:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. For cases that were decided before the enactment of the AEDPA, the statute has been interpreted to bar habeas petitions that were not brought within one year of the effective date of the AEDPA. *United States v. Marsello*, 212 F.3d 1005, 1009 (7th Cir. 2000). The AEDPA was enacted on April 24, 1996. Thus, Penny should have filed his petition for writ of habeas corpus on or before April 24, 1997 unless, of course, the petition falls within the scope of one of the exceptions to the application of the one-year statute of limitations.

The Court held a hearing on May 3, 2004 to determine what Penny knew about the relationship between Lyle and Slaughter and the identity of Attorney X at the time of his trial in 1993. At the hearing, Penny, Lyle and Penny's appellate counsel, Barry Spevack, testified. After listening to all of the testimony of the witnesses and the summary statements given by Penny's attorney and the Assistant United States Attorney at the conclusion of the hearing, this Court concludes that Penny knew about the relationship between Slaughter and Lyle and the identity of Attorney X at the time of the trial.

Moreover, Penny provides little explanation for how Lyle's alleged loyalty to Slaughter would have worked to Penny's detriment. Common sense dictates that, had Lyle been loyal to Slaughter, she would have wanted to discredit Jackson, a result that would have benefited both Slaughter and Penny. Penny hired Lyle because Slaughter specifically recommended her. According to Penny himself, he retained Lyle after Slaughter's disqualification because Slaughter had recommended Lyle. Obviously, Penny himself believed and was aware that there was a close relationship between Lyle and Slaughter. Indeed, Penny testified that at the end of each trial day, he would return to Lyle's office, which was adjacent to Slaughter's, to meet with him to review the events at trial that day and to prepare for the next day of trial.

When asked at the May 3, 2004 hearing why he believed that Slaughter had been disqualified, Penny testified that Slaughter explained that he had been disqualified because he and Penny were "too close of friends." This explanation is not credible because, when questioned further, Penny admits that he and Slaughter simply had an attorney-client relationship and did not have any greater personal relationship. Surely Penny would not have accepted this

4

explanation. Given the gravity of his legal position, Penny should have, and surely did, find out the actual reason for the disqualification at that time.

We also do not find credible Penny's testimony that he was not aware of the identity of Attorney X at his trial or that he did not inquire about the reference to Attorney X during his trial. At the trial itself, if not earlier, Penny certainly became aware of Jackson's allegations regarding Slaughter. We find credible Lyle's testimony at the hearing that she told Penny about the reference to Attorney X and that Attorney X was, in fact, Slaughter. Indeed, the government had provided Lyle with all of Jackson's statements about Slaughter in its discovery disclosures and pretrial submissions, and Lyle testified that she discussed all of that material with Penny. In addition, in her opening statement which was given in front of Penny himself at the criminal trial in 1993, Lyle specifically stated that Jackson was going to lie about Penny's previous attorney. While Lyle did not mention Slaughter by name, Penny surely had to know about whom she spoke. Also, when Jackson later testified, he accused Attorney X of trying to broker a drug deal between himself and Penny. Based on this, it is the conclusion of this Court that Penny had to know that Attorney X was Slaughter.

However, even if Penny did not know at the time of the trial about Attorney X's identity, the exercise of due diligence would have quickly uncovered the whole truth. Interestingly, Penny's attorney on appeal did not even raise these issues. Had Penny been concerned about a conflict between his interests and those of Slaughter and Lyle, his appellate attorney, an excellent lawyer, would have surely inquired into the details of any possible conflict.

In addition, although Penny now claims that he is illiterate (a claim this Court doubts based on the *pro se* pleadings he has filed), Penny is an intelligent person. The Court reaches

this conclusion based on its observations of Penny in court at his trial and sentencing and during the recent hearing and also based on the sophistication of his drug dealing and attendant building construction activities. It is inconceivable to this Court that Penny was not aware of the underlying facts at the time of his trial. Accordingly, Penny has not presented any evidence that his petition is supported by any newly discovered facts. Therefore, Penny should have filed his petition within one year of the enactment of the AEDPA, no later than April 24, 1997. *See Marsello*, 212 F.3d at 1010. Because Penny has not articulated any reason why his petition falls within the statute of limitations imposed by the AEDPA, this Court does not have jurisdiction to review his petition.

## II. Motion for Judgment on the Pleadings

Penny also asserts that his petition should be granted because the government failed to file its response by the date set by this Court. The government represents that it did not receive the Court's minute order setting a briefing schedule. However, when it received Penny's motion for judgment on the pleadings, the government filed its response the next day. We accept the government's explanation for its failure to respond, and the motion for judgment on the pleadings is denied.

## CONCLUSION

For the foregoing reasons, the Court is without jurisdiction to consider Penny's petition. The matter is dismissed as untimely, and the motion for judgment on the pleadings is denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 23, 2004

6